838 F.2d 1215
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sylvia BELCHER, Defendant-Appellant.
 No. 87-1233.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sylvia Belcher appeals from her conviction on four counts of interstate transportation of stolen or forged securities in violation of 18 U.S.C. Sec. 2314. She does not appeal from her conviction for two counts of misapplication of bank funds in violation of 18 U.S.C. Sec. 656 that arose from the same indictment.
 
 
 2
 Belcher was indicted on these six counts on August 14, 1986. She was convicted on all counts on November 25, 1986 in the United States District Court for the Eastern District of Michigan and sentenced to two years of imprisonment, five years of probation and a fine of $54,200 on February 18, 1987. Belcher's sole contention on appeal is that there was insufficient evidence produced at trial to support the jury's verdict of guilt on the four interstate transportation counts.
 
 
 3
 The charges against Belcher all relate to a scheme that she participated in during February, 1983 involving the depositing and cashing of stolen and forged checks from the International Business Machine Corporation. At that time, Belcher was the branch manager of Branch 2 of the City National Bank in Detroit, Michigan. She was approached by Charlotte Hardy who offered her $50,000 for her help in establishing a corporate account at the bank for the International Business Machine Analyst Corporation, a fictitious entity created by other participants in the scheme. Belcher accepted Hardy's offer and proceeded to assist Hardy with opening the account, overcoming the fact that Hardy, a black woman, was opening the account in Michigan using the Florida drivers' license of a white woman named Lauri Robinson as identification. Belcher also assisted Hardy in clearing the deposits of the IBM checks and making sizable cash withdrawals.
 
 
 4
 Belcher now claims that there was insufficient evidence to convict her on the interstate transportation charges because the prosecution failed to establish either that she knew the checks were stolen when they were deposited or that she knew that the checks would travel in interstate commerce. The government responds that the evidence of the agreement between Hardy and Belcher coupled with the clear irregularities in Hardy's application makes it clear that Belcher knew the checks were stolen. The government also states that it is not necessary that Belcher knew the checks travelled in interstate commerce.
 
 
 5
 Upon a careful review of the record in the trial court and of the briefs of the parties, it is evident that construing the evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60 (1942), there is ample and sufficient evidence to support the jury verdict on all six counts of the indictment. We find no deficienies in this regard nor any other error. This was a fair trial.
 
 
 6
 The judgment of the district court is AFFIRMED.